[Cite as *State v. Lazazzera*, 2013-Ohio-2547.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.   12 MA 170 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| DAVID LAZAZZERA, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Youngstown
Municipal Court, Case No. 12TRC1527.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Dana Lantz
Prosecuting Attorney
Attorney Kathleen Thompson
Assistant Prosecuting Attorney
26 South Phelps Street, 4th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:      Attorney Rhys Cartwright-Jones
42 North Phelps Street
Youngstown, Ohio  44503-1130

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  June 17, 2013

[Cite as *State v. Lazazzera*, 2013-Ohio-2547.]
VUKOVICH, J.

{¶1}   Defendant-appellant David Lazazzera appeals from his conviction and sentence entered in Youngstown Municipal Court for operating a motor vehicle while under the influence of drugs or alcohol in violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor.  Two issues are raised in this appeal.  The first is whether the trial court's advisement regarding the effect of the no contest plea complied with Traf.R. 10(D).  The second issue is whether the 30 day sentence issued by the trial court is disproportionate to other sentences that were ordered for the same crime.

{¶2}   For the reasons expressed below, the trial court's advisement on the effect of the no contest plea did not substantially comply with Traf.R. 10(D).  That said, Lazazzera has failed to demonstrate prejudicial effect.  Thus, we find that the plea was validly entered and, as such, there is no basis to vacate the plea.  As to whether the sentence is disproportionate to other sentences issued for the same crime, we find no merit with this argument.  Therefore, the judgment of the trial court is affirmed.

Statement of Facts

{¶3}   On May 26, 2012, at 12:52 a.m., Lazazzera was stopped for speeding in the City of Youngstown.  Upon advising Lazazzera of why he was being stopped, Trooper Murphy noticed that Lazazzera's eyes were glassy and bloodshot.  He also detected an odor of alcohol.  Lazazzera admitted to the trooper that he had been consuming wine.  A breath test was performed on the Intoxilyzer 8000 and Lazazzera blew a .082.

{¶4}   As a result of the stop, Lazazzera was charged with speeding in violation of R.C. 4511.21; operating a vehicle with a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath in violation of R.C. 4511.19(A)(1)(d); and operating a vehicle while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a).

{¶5}   The state and Lazazzera reached a plea agreement; Lazazzera entered a no contest plea to violating R.C. 4511.19(A)(1)(a) and the state dismissed the other

two charges. Also, despite having previous OVI (operating a vehicle while under the influence) convictions, the state, in entering the plea agreement, agreed to amend the charge to a first offense. Tr. 3.

{¶6} The trial court accepted the no contest plea, found Lazazzera guilty and sentenced him to 30 days in jail, a $500 fine and suspended his license for three years. 09/12/12 J.E. That same day, Lazazzera filed his notice of appeal and motion to stay his sentence pending appeal. 09/12/12 Notice of Appeal and Motion. The trial court granted the stay motion. 09/12/12 J.E.

<u>First and Second Assignments of Error</u>

{¶7} "The trial court erred in failing to advise Mr. Lazazzera of the effect of his no contest plea."

{¶8} "The trial court erred in failing to inform Mr. Lazazzera of the constitutional rights he waived on entering his plea."

{¶9} The first and second assignments of error, in conjunction with each other, assert that the no contest plea was not knowingly entered.

{¶10} Traf.R. 2(A) defines a "traffic case" as any proceeding, other than one that results in a felony indictment, that involves one or more violations of law governing the operation and use of vehicles. Thus, the case before us is considered a traffic case.

{¶11} Traf.R. 10 governs the pleas and the advisements that must be given prior to accepting a plea in a traffic case. Here, we are dealing with a petty offense since a violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor, has a maximum confinement penalty of six months. Traf.R. 2(A)(D). Consequently, Traf.R. 10(D) governs the advisements that were required to be made in this case. That rule provides:

> In misdemeanor cases involving petty offenses, except those
> processed in a traffic violations bureau, the court may refuse to accept
> a plea of guilty or no contest and shall not accept such pleas without
> first informing the defendant of the effect of the plea of guilty, no

contest, and not guilty. This information may be presented by general orientation or pronouncement.

> The counsel provisions of Criminal Rule 44(B), (C) and (D) apply to this subdivision.

Traf.R. 10(D).

**{¶12}** The Ohio Supreme Court examined this rule and its requirements. *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635. In that case, the Court explained that the only advisement that is required under Traf.R. 10(D) is the effect of the plea being entered. Or in other words, the trial court is not required to advise the defendant of the constitutional and nonconstitutional rights he is waiving by entering a plea:

> In felony cases, the Ohio and the United States Constitutions require that a defendant entering a guilty plea be "informed in a reasonable manner at the time of entering his guilty plea of his rights to a trial by jury and to confront his accusers, and his privilege against self-incrimination, and his right of compulsory process for obtaining witnesses on his behalf." *State v. Ballard* (1981), 66 Ohio St.3d 473, 378, 20 O.O.3d 397, 423 N.E.2d 115. Crim.R. 11(C) sets forth how a judge should explain those rights to a defendant. However, there are no such constitutionally mandated informational requirements for defendants charged with misdemeanors. The protections that the Criminal Rules provide to felony defendants should not be read into the Ohio Traffic Rules, which deal only with misdemeanor offenses. Accordingly, we find that where a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B).

*Id.* at ¶ 28.

**{¶13}** Therefore, since Lazzazzera pled no contest, the trial court was only required to advise him of the effect of the no contest plea that is contained in Traf.R.

10(B). *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 20 (trial courts only are required to advised of the effect of specific plea being entered). That provision provides:

> **(B) Effect of guilty or no contest pleas**
>
> With reference to the offense or offense to which the plea is entered:
>
> * * *
>
> (2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceedings.

Traf.R. 10(B)(2).

{¶14} Traf.R. 10(B)(2) is identical to Crim.R. 11(B)(2), which discusses the effect of a no contest plea in the criminal setting. Thus, cases addressing compliance with Crim.R. 11(B)(2) are applicable when discussing what advisements Traf.R. 10(B)(2) requires. We have previously explained that there are three points of information in Crim.R. 11(B)(2) that must be conveyed about the effect of a no contest plea. *State v. Dosch*, 7th Dist. No. 08MA63, 2009-Ohio-6534, ¶ 12. First, that it is not an admission of guilt. *Id.* Second, that it is an admission of the truth of the facts alleged in the indictment, information, or complaint. *Id.* And, third, that the plea cannot be used against the defendant in any subsequent civil or criminal proceedings. *Id.*

{¶15} The test used to determine whether an advisement on the effect of the plea being entered was adequate is a substantial compliance standard. *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. Under this standard, a slight deviation from the text of the rule is permissible as long as the totality of the circumstances indicates that "the defendant subjectively understands the implications of his plea and the rights he is waiving," the plea may be upheld. *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶16}** When the trial court does not substantially comply in regard to a nonconstitutional right, such as the effect of a no contest plea, reviewing courts must determine whether the trial court partially complied or failed to comply with the dictates of the rule in question. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. If there is partial compliance, such as mentioning mandatory postrelease control without explaining it, the plea is only to be vacated if the defendant demonstrates a prejudicial effect. *Id.* The test for prejudice is "whether the plea would have otherwise been made." *Id.* quoting *Nero* at 108, 564 N.E.2d 474. However, if the trial court completely fails to comply with the rule, the plea must be vacated; a showing of prejudice is not needed to be demonstrated in that instance. *Id.* An example of complete failure to comply with the rule is failing to mention postrelease control at all during the plea colloquy even though it is applicable to the defendant. *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224, ¶ 22. *See also State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

**{¶17}** We now apply this test to the facts of this case. Here, the trial court gave the following advisement concerning the effect of the no contest plea:

THE COURT: This plea form says that you are pleading no contest to the charge that I just reviewed with you. Did you sign this?

MR. LAZAZZERA: Yes.

THE COURT: You discussed it with your lawyer?

MR. LAZAZZERA: Yes.

THE COURT: If you are pleading no contest, you are saying that you are not contesting this charge so you are allowing me to find that you are guilty of it without going through a trial and being proven guilty. Do you understand you are giving up your right to have a trial?

MR. LAZAZZERA: Yes.

THE COURT: Do you have any question about that?

MR. LAZAZZERA: No.

THE COURT: Then to this charge how do you plead, sir?

MR. LAZAZZERA: No contest.

Tr. 4.

{¶18} This advisement does not substantially comply with Traf.R. 10(B)(2) and (D) as it is not a slight deviation from the text of the rule. Specifically, this advisement does not inform the defendant that the no contest plea is not an admission of guilt or that the plea cannot be used against the defendant in any subsequent civil or criminal proceedings, the first or third points of information discussed in *Dosch*.

{¶19} Thus, our analysis moves to whether or not this advisement partially complies with the Traffic Rule or whether it is a complete failure to comply. Lazazzera contends it is a complete failure to comply.

{¶20} We disagree. This is not a situation where the trial court merely asked the defendant what his plea was and did not attempt to inform the defendant of the effect of the plea that was being entered. Thus, this case is not akin to *Sarkozy* where the trial court did not even remotely mention the required advisement, i.e. in that case postrelease control. Mentioning the requirement and giving an incomplete advisement constitutes partial compliance. Here, the trial court did attempt to advise on the effect of the no contest plea. In fact, it appears from a reading of the advisement that the trial court was attempting to inform Lazazzera that his no contest plea is an admission of the facts and permits the trial court to find him guilty without going through a trial. The advisement given indicates that Lazazzera is admitting the truth of the facts and permitting the trial court to find him guilty without the opportunity to present a defense. This expresses not only the second point of information discussed in *Dosch*, but also the essence of a no contest plea "'The essence of the "no contest" plea, is that the accused cannot be heard in defense.'" *State ex rel. Stern v. Mascio,* 75 Ohio St.3d 422, 424, 662 N.E.2d 370 (1996). Accordingly, considering the language of the advisement, we find that it constitutes partial compliance with the rule.

{¶21} Therefore, in order for the plea to be vacated, Lazazzera must show prejudice. *Clark*, 2008-Ohio-3748 at ¶ 32.

{¶22} Given the record in this case, we cannot find that the deficient advisement prejudiced Lazazzera for three reasons.

{¶23} First, Lazazzera fails to assert that he was prejudiced or to argue how he was prejudiced. It is not the duty of this court to make appellant's argument for him. Thus, we will not find prejudice without an argument.

{¶24} Second, even if he did argue he was prejudiced, it is difficult to find prejudice considering the trial court's advisement to Lazazzera. The primary goal in giving the plea advisement is to ensure that the offender is aware of all potential adverse effects of the plea. As is shown above, Lazazzera was advised of the negative effect of his no contest plea - that he could be found guilty without going through a trial and without presenting a defense. The deficiency in the advisement is the failure to advise Lazazzera of the beneficial effect of the plea - that it could not be used against him in any subsequent civil or criminal proceeding. If a person is not advised of a potential beneficial effect of the plea, it is difficult to imagine a scenario where such a defendant in a traffic case sustains any prejudice for such a failure.

{¶25} Lastly, regardless of the failure to argue prejudice, given the information that was provided to Lazazzera during the plea colloquy, it is also difficult to conclude that the plea would not have otherwise been entered. For instance, the trial court asked whether Lazazzera discussed the no contest plea with his attorney. Lazazzera responded that he did. Tr. 4. Lazazzera was also informed that the charge carried a mandatory minimum three day jail term and that the maximum jail for the charge was six months. Tr. 3; 09/12/12 Plea Agreement form. He was advised that he was subject to a mandatory license suspension of six months to three years, that six points would be assessed against his license, and that he faced up to five years of community control. Tr. 3-4. Furthermore, the state indicated that part of the plea agreement was a recommendation of a $500 fine as well as an understanding that the "Court obviously can enhance the penalties." Tr. 3.

{¶26} Admittedly when reading through the plea colloquy, the transcript gives the impression that Lazazzera did not believe he would receive a jail term or would receive a suspended sentence:

THE COURT: Sure, you do. If you didn't think it was a joke, you wouldn't have driven drunk for the third time in three years. Sir, you have got 30 days in jail that starts today. You know what, you are killing me, you are killing me. You actually expected to walk out of here today, you are killing me. You ought to consider yourself lucky that's not 180 days.

MR. LAZAZZERA: I guess I was just confused.

Tr. 7-8.

{¶27} His statement that he was confused is not an indication that the plea was not entered into knowingly. Rather, it is merely a statement that he did not think he would get a jail sentence even though he was aware that it was a possibility.

{¶28} Consequently, for all of the above stated reasons we do not find prejudice. Therefore, even though the trial court's advisement on the effect of the no contest plea did not substantially comply with Traf.R. 10(B)(2) and (D), we are not required to vacate the plea because Lazazzera has failed to show prejudice resulted from the deficiency.

{¶29} At this point, it is separately noted that under the second assignment of error, Lazazzera starts to make an argument that in addition to being adequately advised of the plea, the trial court should have also advised him of the constitutional rights, i.e. right to trial, right to compulsory process, right to have state prove elements of offense by proof beyond a reasonable doubt, right to cross-examine witnesses against him, and right against self-incrimination, he was waiving by entering a no contest plea. The Ohio Supreme Court's decision in *Watkins*, which is quoted above, clearly indicates that the trial court was not required to advise Lazazzera of the constitutional rights prior to accepting the no contest plea. *Watkins*, 2003-Ohio-2419, ¶ 28. Therefore, any argument to the contrary fails.

{¶30} In conclusion, the first and second assignments of error are meritless.

Third Assignment of Error

{¶31} "The trial court abused its discretion in sentencing Mr. Lazazzera to 30 days local confinement."

**{¶32}** Lazazzera asserts that his sentence is disproportionate to sentences imposed on other like offenses. In support of his argument he filed an appendix of 20 unpublished judgments from Youngstown Municipal Court. Lazazzera admits that he did not raise this issue to the trial court and thus, he contends that we are to review this argument under a plain error analysis.

**{¶33}** Our sister district, when addressing a disproportionality argument, explained the difficulty defendants have in making this type of argument and the difficulty appellate courts have in reviewing this type of argument:

> We recognized that trial courts are limited in their ability to address the consistency mandate, and appellate courts are hampered in their review of this issue, by the lack of a reliable body of data upon which they can rely. *State v. York,* Champaign App. No. 2009–CA–03, 2009-Ohio-6263, 2009 WL 4268577, ¶ 13. Although a defendant cannot be expected to produce his or her own database to demonstrate the alleged inconsistency, the issue must at least be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal.

*State v. Parker*, 193 Ohio App. 3d 506, 2011-Ohio-1418, 952 N.E.2d 1159, ¶ 67-68 (2d Dist.).

**{¶34}** Here, it is undisputed that Lazazzera did not raise the disproportional sentencing issue with the trial court. Thus, the issue is waived. That said, it is within our discretion to review the argument under a plain error analysis. *State v. Bradley*, 7th Dist. No. 11CO26, 2012-Ohio-5880, ¶ 47, citing Crim.R. 52 and *State v. Noling,* 98 Ohio St.3d 44, 2002–Ohio–7044, at ¶ 62. Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. In the interests of justice, we will review the disproportional sentencing argument and apply a plain error standard of review.

{¶35} The majority of case law addressing arguments on disproportionate sentencing concerns felony sentencing. While felony sentencing is governed by different statutes than misdemeanor sentencing, the structure of the felony sentencing analysis to determine whether the sentence is disproportionate for similarly situated defendants can be applied to the misdemeanor setting. For felony sentencing, courts have explained that "[c]onsistent sentencing occurs when a trial court properly considers the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12 in every case." *State v. Hyde*, 6th Dist. WD-11-008, 2012-Ohio-3616, ¶ 14. These statutes, respectively, govern the overriding purposes of felony sentencing and the factors to be considered when determining the appropriate sentence. While these statutes do not apply to misdemeanor sentencing, there are equivalent statutes that are applicable. They are R.C. 2929.21, which lists the overriding purposes of misdemeanor sentencing, and R.C. 2929.22, which lists factors to be considered when determining the appropriate misdemeanor sentence. *State v. Brooks*, 7th Dist. No. 05MA31, 2006-Ohio-4610, ¶ 17-19. A thorough reading of those statutes demonstrates that there are many considerations for determining the appropriate misdemeanor sentence, such as recidivism, the nature and circumstances of the offense, victim's age, the need to protect the public and rehabilitate the offender. Therefore, in order for a court to find merit with an offender's disproportionality argument, we can only consider offenders that are similarly situated to the offender making the argument. Consequently, merely knowing that other offenders were sentenced for the same offense and received a different sentence than the offender asserting that his sentence is disproportionate, is not sufficient to demonstrate that his disproportionate sentencing argument has merit; "appellant cannot support an assignment of error of disproportionate sentencing solely based upon references to sentences imposed in other cases where defendants were sentenced for the same offense." *Hyde*, 2012-Ohio-3616 at ¶ 14.

{¶36} Here, Lazazzera provides this court with 20 sentencing judgment entries from mostly OVI cases, although there are a couple physical control while under the influence cases. These judgment entries only provide the offense that

these offenders were convicted of and the sentence that that offender received. These judgments do not contain criminal history, if the offender was charged with a different offense but entered a plea, or any other pertinent information to determine the basis for the sentence imposed. Thus, without more substantiated evidence concerning the facts of these cases, we are justified in holding that there is no merit with the argument presented.

{¶37} That said, in the appellate brief, Lazazzera attempts to provide this court with some additional information about these cases. However, this additional information solely comes from statements in the brief; the additional information is not supported by any documentation. For that reason alone, we are not required to consider the additional information.

{¶38} However, even if we were to consider the information, Lazazzera still fails to demonstrate that his sentence was disproportionate to similarly situated offenders. Thirteen of the cited cases show a defendant pleading to a first offense OVI or first offense physical control and receiving the minimum sentence. In these cases, there are no references to any priors. In the case sub judice, the trial court, in sentencing, acknowledged that the state had amended the OVI charge to a first offense. Tr. 3. However, the trial court had Lazazzera's driving record before it when it sentenced him. Tr. 3. The trial court noted that this was Lazazzera's third time in three years to driving while drunk; it noted that he had an OVI conviction in 2010 and a physical control conviction in 2011. Tr. 5-6, 7-8. The trial court could consider this information when determining the appropriate sentence for Lazazzera. R.C. 2929.21; R.C. 2929.22. Therefore, in these 13 cases where there is no mention of priors and merely an indication that the offender was pleading to a first offense, we cannot find that those offenders are similarly situated to Lazazzera.

{¶39} There are only five cases cited where Lazazzera references priors. The first one is the second OVI offense and the offender received a 10 day sentence. The second case is an OVI with a refusal to take a breath test and one prior OVI. The defendant in that case received a 60 day sentence. The third case is a third offense OVI; only one of the two priors occurred within the last six years. That

defendant received a 10 day sentence. The fourth case is a fourth offense OVI. Two priors occurred in 2010 and the other prior occurred within the last 6 years. That defendant received a 14 day sentence. The last case was a third offense OVI. That defendant has two priors although none of the priors occurred within the last six years and he received a 30 day jail sentence.

{¶40} When considering these cases with the priors, the two that are the most analogous to the situation at hand are the third and fifth cases; both of these offenders, like Lazazzera, had two priors. Those two defendants respectively received a 10 day and a 30 day sentence. Here, Lazazzera received a 30 day sentence. Therefore, given the information that he has provided to us, we cannot find that his sentence is disproportionate to similarly situated offenders. In fact, his sentence is the same sentence as the offender in the fifth case received.

{¶41} Therefore, for all the above reasons, this assignment of error lacks merit.

## Conclusion

{¶42} For the foregoing reasons, all assignments of error lack merit. The judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, J., concurs.