[Cite as *State v. Sarigianopoulos*, 2013-Ohio-5772.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 141 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOHN SARIGIANOPOULOS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Youngstown
                              Municipal Court of Mahoning County,
                              Ohio
                              Case No. 12 TRC 959Y

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:       Atty. Dana Lantz
                              Youngstown City Prosecutor
                              Atty. Kathleen Thompson
                              Atty. Bassil Ally
                              Assistant City Prosecutors
                              26 S. Phelps Street
                              Youngstown, Ohio  44503

For Defendant-Appellant:      Atty. Edward A. Czopur
                              DeGenova & Yarwood, Ltd.
                              42 North Phelps St.
                              Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                              Dated:  December 19, 2013

WAITE, J.

{¶1}    Appellant John Sarigianopoulos entered a no contest plea to a second offense of operating a vehicle under the influence of drugs or alcohol (OVI). He now appeals his 60-day jail term on the grounds that it was not proportionate to sentences given in other OVI cases. Appellant caused a head-on collision while intoxicated, and was a repeat OVI offender. By law, the court could have sentenced Appellant to 180 days in jail, and was required to impose at least a 10-day jail term. His 60-day jail term is only one-third of the possible maximum sentence. Appellant did not raise the issue of the allegedly disproportionate sentence in any previous appeal, and the matter is now *res judicata*. Furthermore, there was no error or abuse of discretion in the court's sentence in light of Appellant's prior criminal record, his failure to take responsibility for his actions, the seriousness of the accident caused by Appellant, and the moderate sentence that was imposed. The judgment of the trial court is affirmed.

Procedural History

{¶2}    On April 5, 2012, Appellant failed to stop at a stop sign and caused an accident with two other vehicles, including a head-on collision with a Pontiac minivan. The accident occurred in the City of Youngstown at the intersection of Lansdowne Boulevard and Stewart Avenue. Officers at the scene of the accident concluded that Appellant had been drinking and driving. Appellant failed field sobriety tests and refused to take a breathalyzer test. He admitted at the scene that he had consumed a few drinks. He was charged with third offense OVI, R.C. 4511.19(A)(1)(a). He was also charged with violations of two Youngstown City ordinances: failure to maintain

reasonable control, Loc. Ord. 331.34(A), and failure to obey a traffic control device, Loc. Ord. 313.01(A). On May 11, 2012, Appellant entered a no contest plea to a revised count of second offense OVI and one count of failure to control his vehicle. The charge for his failure to obey a traffic control device was dismissed. After a plea hearing, the trial court accepted the no contest plea and ordered a presentence investigation report. The court informed Appellant at the plea hearing that he was subject to a minimum of ten days and a maximum of six months in jail on the OVI charge. (Tr., p. 4.) Appellant was represented by counsel at the hearing and stated that he understood the possible sentence. (Tr., p. 4.)

**{¶3}** Sentencing was held on August 6, 2012. Appellant's counsel asked for the minimum sentence to be imposed. Appellant argued that the brakes failed in his vehicle and that he was under stress due to a death in the family. He also blamed the accident on medication he was taking. The court interpreted these arguments as failure to take responsibility for the accident, particularly since Appellant admitted to drinking and driving. The court noted Appellant's prior OVI convictions, the seriousness of the accident, and Appellant's lack of remorse as reasons for imposing a 60-day jail term. The judge also imposed a fine, court costs, a license suspension, three years of intensive probation supervision, and drug counseling. This appeal followed.

<u>ASSIGNMENT OF ERROR</u>

The trial court abused its discretion by imposing a sentence that was disproportionate to the sentences it imposed in numerous other like

offenses in violation of ORC § 2929.21(B) thereby requiring said sentence to be vacated and a new sentencing hearing to be held.

**{¶4}** We review misdemeanor sentences for abuse of the trial court's discretion. R.C. 2929.22(A); *State v. McColor*, 7th Dist No. 11 MA 64, 2013-Ohio-1279, ¶14. Abuse of discretion means more than a mere error of judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶5}** When sentencing for a misdemeanor offense, the trial court is guided by the "overriding purposes of misdemeanor sentencing," which are to protect the public from future crime by the offender and others, and to punish the offender. R.C. 2929.21(A); *State v. Collins*, 2d Dist. No. 2012-CA-2, 2012-Ohio-4969, ¶9. As part of its task of fulfilling the purposes of misdemeanor sentencing, the trial court must consider whether the sentence is proportionate to other sentences for crimes committed under similar circumstances. This requirement is found in R.C. 2929.21(B), which states:

> (B) A sentence imposed for a misdemeanor or minor misdemeanor violation of a Revised Code provision or for a violation of a municipal ordinance that is subject to division (A) of this section shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and *consistent with*

*sentences imposed for similar offenses committed by similar offenders.*

(Emphasis added.)

**{¶6}** Appellant argues that his sentence is not proportionate to sentences imposed on similarly situated defendants. Appellant did not raise this issue at trial. Hence, it is reviewed on appeal for plain error. *State v. Lazazzera*, 7th Dist. No. 12 MA 170, 2013-Ohio-2547, ¶34. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." There are three conditions that must be met to satisfy the plain error rule. *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). First, there must be a deviation from a legal rule. Second, the error must be plain, meaning that the error is an obvious defect in the trial proceedings. Third, the error must have affected the defendant's substantial rights. *Id.* This has been interpreted to mean that the trial court's error must have affected the outcome of the trial. *Id.* Plain error should only be noticed and corrected "if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings' [.]" *Id.,* quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936).

**{¶7}** "Plain error is one in which but for the error, the outcome of the trial would have been different." *State v. Hancock*, 7th Dist. No. 09-JE-30, 2010-Ohio-4854, ¶55, citing *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). In order to prevail under a plain error analysis, the appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶17.

**{¶8}** Although there is no express indication in the record that the trial judge considered whether the 60-day jail term was consistent with sentences imposed for similar offenses, a reviewing court will presume the regularity of a sentence absent evidence to the contrary. *State v. James*, 7th Dist. No. 07 CO 47, 2009-Ohio-4392, ¶50, 85. Under the plain error analysis, Appellant would also need to show that his sentence clearly would have been less severe had the trial court correctly considered the proportionality of the sentence.

**{¶9}** Appellant has attached to his brief on appeal a series of judgment entries issued by the same trial judge, all of which involve an OVI charge. Appellant would like us to compare the facts of those cases with the facts in his case so that we can rule on his proportionality argument. We have previously held that: "a trial court may not take judicial notice of earlier proceedings, either in its own court or another court, except for proceedings in the immediate case under consideration." *State v. LaFever*, 7th Dist. No. 02 BE 72, 2003-Ohio-6545, ¶27. We can, however, examine the analysis in the judgment entries as opinions of a trial court, and rely on them as persuasive legal authority if needed. Although judgment entries and judicial opinions are typically distinct and separate legal documents, often a trial court will enter its legal reasoning into the judgment entry, thus providing legal authority for future cases. We have reviewed such trial court judgments in other criminal appeals when a sentencing proportionality issue has arisen. *State v. Lazazzera*, 7th Dist. No. 12 MA 170, 2013-Ohio-2547.

**{¶10}** The trial court judgment entries cited by Appellant do not in any way serve to illustrate Appellant's argument. They do not provide the facts and

circumstances of each crime, nor do they explain the court's legal reasoning regarding proportionality of sentencing. The entries do not reveal the seriousness of the crimes, the impact of the crimes on the victim, the criminal history of the defendants, the defendants' remorse, or any other factor relevant to sentencing. *State v. Mannarino*, 8th Dist. No. 98727, 2013-Ohio-1795, ¶60. Therefore, the trial court judgment entries do not provide any persuasive authority that could support Appellant's argument.

**{¶11}** Proportionality in sentencing does not mean that sentences for similar crimes must be identical. It means they must be consistent, forming a rational and predictable pattern. *State v. Georgakopoulos*, 8th Dist. No. 81934, 2003-Ohio-4341, ¶26. If a trial judge were required to give precisely the same sentence to every defendant who pleads no contest to a second offense OVI, all discretion in a trial judge would be extinguished.

**{¶12}** The minimum jail term for a second offense of OVI within six years is 10 days in jail. R.C. 4511.19(G)(1)(b)(i). The crime is a first degree misdemeanor and the maximum penalty is 180 days in jail. R.C. 2929.24. There are cases when a 15-day jail term is appropriate for an OVI offense. *State v. Sheppeard*, 2d Dist. No. 2012 CA 27, 2013-Ohio-812. There are other cases where 90 days in jail are properly imposed. *State v. Schmidbauer*, 12th Dist. No. CA2012-08-061, 2013-Ohio-530. Occasionally a court will impose the entire 180-day term. *State v. Miller*, 12th Dist. No. CA2009-01-008, 2009-Ohio-4831, ¶5; *State v. West*, 3d Dist. No. 2-06-04, 2006-Ohio-5834, ¶12. In this appeal, the record reveals that Appellant was a repeat OVI offender, had caused a head-on collision with two other vehicles, refused to take a

breath test, and failed to take responsibility for his actions. The trial judge stated on the record that she did not believe Appellant's mitigation testimony. (Tr., p. 11.) Obviously, many OVI cases do not involve accidents, much less head-on collisions, and a severe penalty could certainly have been imposed here. There were also charges that were dismissed as part of the plea agreement in this case, and the trial court is permitted to take into account dismissed charges when crafting a sentence. *State v. Burton*, 52 Ohio St.2d 21, 23, 368 N.E.2d 297 (1977). The record contains more than enough evidence to support a 60-day jail term, and we note once again that this was only one-third of the possible maximum sentence.

{¶13} Given the seriousness of the offense, the defendant's criminal history, and his failure to take responsibility for his actions, there was no plain error or abuse of discretion in imposing a 60-day jail term. There is no indication that this sentence is disproportionate to other sentences imposed for similar crimes with similarly situated defendants. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.