[Cite as *State v. Clark*, 2018-Ohio-3723.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO, CITY OF YOUNGSTOWN,

Plaintiff-Appellee,

v.

PHILLIP CLARK,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 16 MA 0189.**

---

Criminal Appeal from the
Youngstown Municipal Court of Mahoning County, Ohio
Case No. 16 TRD 01647Y.

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Ralph Rivera*, Office of the Mahoning County Prosecutor, 21 W. Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

*Atty. Cynthia Henry*, P.O. Box 4332, Youngstown, Ohio 44515, for Defendant-Appellant.

Dated:
September 10, 2018

**Donofrio, J.**

{¶1} Defendant-appellant, Phillip Clark, appeals from a Youngstown Municipal Court judgment sentencing him to 180 days in jail for driving under suspension and failure to control, following his no contest plea.

{¶2} On February 12, 2013, a police officer initiated a traffic stop of appellant after noting a traffic violation. Appellant did not stop and in fact fled from the officer. During the pursuit appellant lost control of his vehicle, running over a curb and into a field. At the time of the pursuit, appellant's driver's license was suspended.

{¶3} The officer arrested appellant. Appellant was charged with driving under suspension, a first-degree misdemeanor in violation of R.C. 4510.11; failure to comply, a first-degree misdemeanor in violation of R.C. 2921.33; failure to control, a minor misdemeanor in violation of R.C. 4511.202(A); and a stop sign violation, a minor misdemeanor in violation of R.C. 4511.43.

{¶4} Pursuant to a plea agreement, plaintiff-appellee, the State of Ohio, dismissed the two minor misdemeanors. Appellant then entered a no-contest plea to failure to comply and driving under suspension. The trial court found appellant guilty.

{¶5} The trial court subsequently sentenced appellant to 180 days in jail for failure to comply and fined him $150. For driving under suspension the court fined appellant an additional $150. The court also placed appellant on two years of intensive probation supervision and suspended his driver's license for one year.

{¶6} Appellant filed a timely notice of appeal on December 5, 2016. He also requested a stay of execution of his sentence pending this appeal, which the trial court granted. Appellant now raises three assignments of error.

{¶7} Appellant's first assignment of error states:

THE DEFENDANT/APPELLANT'S SENTENCES ARE CONTRARY TO LAW AS THEY DO NOT SERVE THE OVERRIDING PURPOSES AND PRINCIPLES OF SENTENCING AS EXPRESSED IN ORC 2929.21.

{¶8} Appellant contends that his sentence is not consistent with sentences imposed for similar offenses committed by similar offenders. As an example of a similar

offense, with a similar offender, appellant offers *State v. Tribble*, 7th Dist. No. 13-MA-50, 2014-Ohio-4164. In *Tribble,* the defendant was charged with failure to signal, a minor misdemeanor, driving under suspension, a first-degree misdemeanor, and possession of drug paraphernalia, a fourth-degree misdemeanor. *Id.* at ¶ 3. The state agreed to dismiss the signal violation and amended the drug offense to a disorderly conduct charge, still remaining a fourth-degree misdemeanor. *Id.* at ¶ 4. The court sentenced him to 150 days in jail, a $500 fine, and three years of intensive probation supervision.

{¶9} An appellate court reviews a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. R.C. 2929.22(A). An abuse of discretion is more than a mere error in law or judgement; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶10} Appellant relies on R.C. 2929.21(B), which provides in part that a misdemeanor sentence

> shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing [to protect the public from future crime by the offender and others and to punish the offender] * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders.

{¶11} Here, the trial court sentenced appellant to 180 days in jail for failure to comply, which is a first-degree misdemeanor. The maximum sentence for a first-degree misdemeanor is 180 days. R.C. 2929.24(A)(1). Thus, appellant's sentence was authorized by statute.

{¶12} Appellant cites a single example of an offender who had somewhat similar charges to him and received a lesser sentence. But *Tribble* is not comparable to the case at bar because the defendant in that case was convicted of a first-degree misdemeanor and a fourth-degree misdemeanor. *See Tribble*, 7th Dist. No. 13-MA-50. Appellant, however, was convicted of two first-degree misdemeanors.

{¶13} Moreover, an examination of the record demonstrates that the trial court considered R.C. 2929.21(B). The court was clearly concerned with appellant's recidivism, telling him "You know that your license is suspended. But that doesn't stop you from driving. You've got two prior convictions for the same thing. Those didn't get your attention." (Tr. 4). The court expressed concern with the impact of appellant's behavior on the public, saying that his actions were "endangering everybody else that is validly on the roadway not doing a darn thing wrong." (Tr. 4). The court additionally considered appellant's family situation but decided that "All of that money [reinstatement fees] could have gone to food for your children, clothing for your children. But, no, your main concern is driving. So, no, I will not show you mercy because you've graduated to a whole new level." (Tr. 9). When the court's conversation follows closely the sentencing statute and examines the relevant factors, it acts in conformity with subsection R. C. 2929(B). *City of Youngstown v. Glass*, 7th Dist. No. 04 MA-155, 2005-Ohio-2785, ¶ 18.

{¶14} There is no indication that the trial court abused its discretion in sentencing appellant. The court demonstrated compliance with R.C. 2929.21(B) and its sentence was within the statutory range.

{¶15} Accordingly, appellant's first assignment of error is without merit and is overruled.

{¶16} Appellant's second assignment of error states:

THE APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT FAILED TO ALLOW THE DEFENDANT/APPELLANT AN INDEPENDENT OPPORTUNITY TO SPEAK BEFORE IMPOSING SENTENCE.

{¶17} Appellant argues the trial court did not provide him with his right to allocution. Pursuant to Crim.R. 32(A)(1), the trial court shall

[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

Case No. 16 MA 0189

**{¶18}** Appellant argues that the trial court did not ask him if he had anything to say prior to sentencing, nor did he receive an opportunity to speak.

**{¶19}** If the trial court does not afford the defendant's right to allocution, he or she is due resentencing, unless the error was harmless or invited. *State v. Robenolt*, 7th Dist. No. 04-MA-105, 2005-Ohio-6450, ¶ 14, quoting *State v. Campbell*, 90 Ohio St. 3d 320, 738 N.E. 2d 1178 (2000), paragraph two of the syllabus. Appellant cites various examples of acceptable means of satisfying the right to allocution. In his examples, appellant references this court's recognition of "[A]nything further you wish to say before I impose a sentence here?" as satisfying. *Tribble*, 7th Dist. No. 13-MA-50, at ¶ 11, citing *Crable*, 7th Dist. No. 04-BE-17, at ¶ 20. In addition, the fact that the defendant and his counsel presented mitigating factors is evidence that the defendant received the right to allocution. *See State v. McGilton*, 7th Dist. No. 07-BE-9, 2008-Ohio-1185, ¶ 32-33.

**{¶20}** Here, the record reflects that the trial court provided appellant with his right to allocution. The trial court asked appellant, "Anything else you want to say before I sentence you?" (Tr. 6). To which appellant's counsel replied "Yes, your Honor." (Tr. 6). Following this exchange counsel presented some mitigating factors, including that appellant had paid off all his outstanding fines and costs and "kept his nose to the grindstone." (Tr. 7). Appellant himself went on to ask the court "Please give me another chance" and asked the court to consider his children, exclaiming, "I got three little girls I be taking care of, like, and I try my best. Like, I ain't never been in trouble before, like, and I understand I did something[.]" (Tr. 7).

**{¶21}** The above question by the court and response by appellant and his counsel demonstrated that the court afforded appellant his right of allocution in accordance with Crim.R. 32(A)(1).

**{¶22}** Accordingly, appellant's second assignment of error is without merit and is overruled.

**{¶23}** Appellant's third assignment of error states:

> THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT DUE PROCESS OF LAW WHEN IT IMPOSED A JAIL SENTENCE WITHOUT ALLOWING THE APPELLANT AN INDEPENDENT OPPORTUNITY TO SPEAK AND SENTENCED THE

APPELLANT TO A TERM INCONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR OFFENSES COMMITTED BY SIMILAR OFFENDERS.

**{¶24}** Appellant argues that due to the inconsistency of his sentence with those of similar offenders who committed similar crimes and the violation of his right of allocution the trial court abused its discretion in sentencing him.

**{¶25}** As addressed above, the court complied with the misdemeanor sentencing statutes and gave appellant the opportunity to speak on his own behalf at sentencing.

**{¶26}** Because assignments of error one and two are meritless, there was no abuse of discretion regarding sentencing.

**{¶27}** Moreover, appellant did not raise a proportionality argument at his sentencing hearing. When an appellant does not raise the proportionality argument at trial a reviewing court examines the assignment under a plain error analysis. *State v. Sargianopolous*, 7th Dist. No. 12-MA-141, 2013-Ohio-5772, ¶ 6, citing *State v. Lazazzera*, 7th Dist. No. 12 MA 170, 2013-Ohio-2547, ¶ 34. Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error is one in which but for the error, the outcome of the trial would have been different. *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978).

**{¶28}** "Proportionality in sentencing does not mean that sentences for similar crimes must be identical. It means they must be consistent, forming a rational and predictable pattern." *Sargianopolous*, 7th Dist. No. 12-MA-141 at ¶ 11, citing, *State v. Georgakopoulos*, 8th Dist. No. 81934, 2003-Ohio-4341.

**{¶29}** As previously stated, appellant cited a single example of a defendant who was sentenced less severely than him in order to allege a disproportionate sentence. Again, the charges in that case are not the same as the charges in appellant's case. He has not demonstrated plain error.

**{¶30}** Accordingly, appellant's third assignment of error is without merit and is overruled.

**{¶31}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs

Robb, P. J., concurs

[Cite as *State v. Clark*, 2018-Ohio-3723.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Youngstown Municipal Court of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**