[Cite as *State v. Moschell*, 2020-Ohio-6818.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ROBERT MOSCHELL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 MA 0129**

---

Criminal Appeal from the
Youngstown Municipal Court of Mahoning County, Ohio
Case No. 19 CRB 1481

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. J. Holland*, Holland & Muirden, 1343 Sharon Copley Road, P.O. Box 345, Sharon Center, Ohio 44274, for Plaintiff-Appellee and

*Atty. Rachel Cerni*, Cerni Law LLC, 3685 Stutz Drive, Suite 100, Canfield, Ohio 44406, for Defendant-Appellant.

Dated:
December 18, 2020

**Donofrio, J.**

{¶1} Defendant-appellant, Robert Moschell, appeals from a Youngstown Municipal Court judgment convicting him of two counts of cruelty to companion animals following a guilty plea.

{¶2} According to a report from Animal Charity of Youngstown, Youngstown Police and Fire were dispatched to appellant's residence on the suspicion that there was a deceased person inside the residence. After Youngstown Police and Fire made entry, they contacted Animal Charity of Ohio who then dispatched Jessica MacMurchy to appellant's residence.

{¶3} Upon entering the residence, MacMurchy detected a strong odor of ammonia which burned her nose and throat. At the residence, there were 12 cats (four adults outside the residence, four adults inside the residence, and four kittens inside the residence). There were also two dogs that were in differing stages of malnourishment, one being dehydrated and the other emaciated to the point where its bones were showing. The emaciated dog was tied to a pole in the basement. Also in the basement were two bowls both of which were dirty. One bowl was empty and the other had a small amount of water and dead flies in it. Both dogs had fleas. There were also two dirty litter boxes with numerous flies swarming them. The temperature inside the house was 88 degrees Fahrenheit with a heat index of 93 degrees.

{¶4} MacMurchy concluded that the animals were neglected and living in deplorable conditions. She then seized the two dogs and the eight indoor cats and posted a notice of seizure on the front door. She was unable to seize the four outdoor cats.

{¶5} The Youngstown Law Department then filed a complaint against appellant charging him with four counts of cruelty to companion animals in violation of R.C. 959.131(D)(1), second-degree misdemeanors. Appellant initially entered a not guilty plea to all counts.

{¶6} Later, after plea negotiations with plaintiff-appellee, the State of Ohio, appellant entered into a plea agreement with the state. Under the terms of the plea agreement, the state agreed to dismiss two of the four counts. The state also agreed to

recommend concurrent 90-day jail sentences that would be suspended pending successful completion of five years of non-reporting probation. As part of the plea agreement, the state was to request that appellant surrender all current animals and be subject to an indefinite prohibition against keeping companion animals.

{¶7}   A magistrate held a change of plea hearing and accepted appellant's plea. The magistrate then sentenced appellant to the sentence recommend in the plea agreement. The trial court adopted the magistrate's decision on November 6, 2019.

{¶8}   Appellant timely filed this appeal on November 13, 2019. He now raises three assignments of error.

{¶9}   We will address appellant's third assignment of error first as it is dispositive.

{¶10}   Appellant's third assignment of error states:

WHETHER OR NOT THE TRIAL COURT PROPERLY DETERMINED WHETHER THE GUILTY PLEA OF APPELLANT WAS ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY IN COMPLIANCE WITH CONSTITUTIONAL AND PROCEDURAL SAFEGUARDS.

{¶11}   Appellant argues that the magistrate failed to properly advise him of the effect of a guilty plea and failed to ensure that he was making his plea voluntarily. He argues he was prejudiced by the failure of these advisements because had he been advised of them, he may have requested an evidentiary hearing.

{¶12}   Appellant pleaded guilty to two second-degree misdemeanors. Second-degree misdemeanors have a maximum jail term of 90 days. R.C. 2929.24(A)(2). These are petty offenses as defined in Crim.R. 2(D). "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E). To satisfy the requirement of informing a defendant of the effect of a plea, the trial court must inform the defendant of the appropriate Crim.R. 11 (B) language. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25. In the case of a guilty plea to a misdemeanor for a petty

offense, the effect of the plea is that a plea of guilty is a complete admission of guilt. *Id.*; Crim.R. 11(B)(1).

{¶13}   A magistrate conducted appellant's change of plea hearing.  The hearing was very brief.  At the beginning of the hearing there were some "inaudible" comments made.  (Plea Tr. 3).  The following colloquy then took place:

> THE COURT:  * * * All right.  This is 19 CRB 1481.  Is it Moschell?
>
> MR. MOSCHELL:  Yes, it is, sir.
>
> THE COURT: All right.  It's my understanding after discussions with the prosecutor, that you've entered into a Rule 11 plea agreement whereby the prosecutor's recommending that Counts 2 and 4 be dismissed.  In exchange, your client is going to withdraw his former plea of not guilty and enter a plea of guilty to Counts 1 and 3; is that correct?
>
> MR. WEXLER [appellant's counsel]: That is correct, Your Honor.
>
> THE COURT: And as recommended by the prosecutor, the defendant will be sentenced to 90 days jail on both counts, 1 and 3.  Those 90-day sentences will be concurrent.  All 90 days will be suspended pending successful completions of five years of probation.  That probation will be non-reporting.
>
> The conditions of that probation that you shall not possess or live with any animals.  You'll obtain a mental health assessment and abide by the recommended treatment.  You'll consent to inspections by law enforcement, including humane agents, to confirm compliance with this order, along with surrendering any current animals to animal charity.  You also are subject to an indefinite prohibition against keeping companion animals pursuant to Ohio Revised Code 959.99(E)(6)(A).

(Plea Tr. 3-4).  At the end of this statement, the court then directly addressed appellant as follows:

> THE COURT:  Now, Mr. Moschell, do you own any current animals?

Case No. 19 MA 0129

MR. MOSCHELL:  I have two cats, yeah.

\* \* \*

THE COURT:  The Court will waive the court costs.  We will not impose any kind of fine at this time.  All right.  Very good.  Mr. Moschell, any questions?

MR. MOSCHELL:  No, sir.

(Plea Tr. 4-5).

**{¶14}**  At no point during the change of plea hearing did the magistrate advise appellant that a guilty plea is a complete admission of guilt.  In fact, the magistrate did not mention anything even similar to the required advisement.

**{¶15}**  In addressing whether the lack of advisement constitutes reversible error, this court has stated:

> When the trial court does not substantially comply in regard to a nonconstitutional right, such as the effect of a no contest plea [or a guilty plea], reviewing courts must determine whether the trial court partially complied or failed to comply with the dictates of the rule in question. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 32. If there is partial compliance, such as mentioning mandatory postrelease control without explaining it, the plea is only to be vacated if the defendant demonstrates a prejudicial effect. *Id*. \* \* \* However, if the trial court completely fails to comply with the rule, the plea must be vacated; a showing of prejudice is not needed to be demonstrated in that instance. *Id*. An example of complete failure to comply with the rule is failing to mention postrelease control at all during the plea colloquy even though it is applicable to the defendant. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224, ¶ 22. See also *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

*State v. Lazazzera*, 7th Dist. Mahoning No. 12 MA 170, 2013-Ohio-2547, ¶ 16.

Case No. 19 MA 0129

**{¶16}** Here the magistrate did not so much as elude to the effect of appellant's guilty plea. In fact, the only times the magistrate directly addressed appellant was to ask if he owned any animals and if he had any questions. Other than that, the magistrate spoke to appellant's counsel re-stating the terms of the plea agreement. Thus, appellant's plea failed to comply with Crim.R. 11(E).

**{¶17}** We should note that the state argues that because there were some instances of inaudible comments, we can presume that the magistrate properly addressed and informed appellant in accordance with Crim.R. 11. But the only portion of the transcript that contains "inaudible" descriptions occurs at the very beginning, before the magistrate has called the case number or identified appellant. Thus, the change of plea hearing was not yet fully underway at that time.

**{¶18}** Because the magistrate completely failed to comply with Crim.R. 11(E) by not informing appellant of the effect of his guilty plea, we must vacate appellant's plea.

**{¶19}** Accordingly, appellant's third assignment of error has merit and is sustained.

**{¶20}** Appellant's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO ARTICULATE ANY FACTUAL FINDINGS AS TO WHY IT IMPOSES THE MOST ONEROUS SANCTIONS OF AN INDEFINITE PROHIBITION AGAINST KEEPING COMPANION ANIMALS PURSUANT TO O.R.C. §959.99(E)(6).

**{¶21}** Appellant's second assignment of error states:

THE TRIAL COURT CANNOT IMPOSE A SENTENCE AGAINST APPELLANT THAT EXCEEDS THE STATUTORY LIMITATIONS IMPOSED BY O.R.C. § 2929.25(2).

**{¶22}** Our resolution of appellant's third assignment of error has rendered both appellant's first and second assignments of error moot.

**{¶23}** For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's guilty plea is vacated and the matter is remanded to the trial court for further proceedings pursuant to law and consistent with this opinion.

Waite, P. J., concurs.

D'Apolito, J., concurs.

Case No. 19 MA 0129

---

For the reasons stated in the Opinion rendered herein, appellant's third assignment of error is sustained. Appellant's first and second assignments of error are moot. It is the final judgment and order of this Court that the judgment of the Youngstown Municipal Court, Ohio, is reversed and appellant's guilty plea is vacated. We hereby remand this matter to the trial court for further proceedings pursuant to law and consistent with this opinion. Costs taxed against appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**