[Cite as *State v. Pollard*, 2012-Ohio-1196.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97166

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAURICE POLLARD

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549203

**BEFORE:**   Kilbane, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   March 22, 2012

**ATTORNEY FOR APPELLANT**

Mary Elaine Hall
645 Leader Building
526 Superior Avenue, East
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Norman Schroth
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Maurice Pollard ("Pollard"), appeals his sentence and restitution order. Finding no merit to the appeal, we affirm.

{¶2} In April 2011, Pollard was charged in a six-count indictment. Count 1 charged him with attempted murder, Counts 2 and 3 charged him with felonious assault, and Counts 4, 5, and 6 charged him with aggravated riot. In May 2011, the trial court joined Pollard's case with defendant, Phillip Morris ("Morris"), because both were charged with the same attack on Michael Allen ("Allen"). In June 2011, Pollard pled guilty to felonious assault (Count 2) and aggravated riot (Count 5). Pursuant to a plea agreement, the remaining charges were nolled.

{¶3} In August 2011, the trial court sentenced Pollard to eight years for felonious assault (Count 2) and 18 months for aggravated riot, to be served consecutively for a total of nine and one-half years in prison. The trial court also ordered Pollard to pay $60,000 as restitution to the victim, Allen.

{¶4} At the sentencing hearing, the trial court reviewed the police report, which stated that on October 22, 2010, after the Cleveland Heights High School football homecoming game, Shakeela Hoey ("Hoey") assaulted Nigeria Bowman ("Bowman") at 2100 Lee Road in Cleveland Heights, Ohio. While Bowman and Hoey were on the ground, Pollard, joinder-defendant, Morris, and several others hit and kicked Bowman. The fight spilled over to a nearby gas station, at which point Pollard and others attacked a

male known as Malik, who attempted to aid Bowman. Allen, acting as a Good Samaritan, attempted to stop the attack on Malik. The group then stopped the attack on Malik and began to attack Allen. As the group beat Allen, who was on the ground, Pollard picked up an 11-pound rock and struck Allen on the head. The group then fled the scene. Allen suffered a fractured skull, brain bleeding, and his left leg was broken in two places. Allen had five inches of his skull replaced with a titanium plate and underwent three reconstructive surgeries. Allen also had 19 pins and two plates placed in his left leg.

{¶5} Allen had an opportunity to address the trial court at the sentencing hearing. He stated that his medical bills are over $60,000 and that he has to undergo two additional surgeries. The trial court then stated that it reviewed the presentence investigation report, which also indicated that Allen has $60,000 in medical bills. The trial court ordered Pollard to pay $60,000 as restitution, jointly and severally with all related codefendants, and stated that it "will allow [Allen] to supplement that amount through the probation department."

{¶6} Pollard now appeals, raising the following four assignments of error for review, which shall be discussed together where appropriate.

### ASSIGNMENT OF ERROR ONE

The trial court committed plain error when it ordered [Pollard] to pay $60,000.00 in restitution, jointly and severally, with [joinder-defendant, Phillip Morris,] to be determined by the Cuyahoga Probation Department, rather than conduct a court hearing to determine the victim, Michael Allen's, actual losses."

ASSIGNMENT OF ERROR TWO

The trial court, exhibiting personal bias against [Pollard], abused its discretion when it imposed a felony sentence upon [Pollard].

ASSIGNMENT OF ERROR THREE

The trial court's denial of [Pollard's] right to file a timely motion for judicial release for *aggregate non-mandatory time of 9 years 6 months* is *contrary to law* under the first prong of the *Kalish* test.   (Emphasis sic.)

ASSIGNMENT OF ERROR FOUR

The trial court committed plain error when it held that [Pollard's] guilty pleas to felonious assault and aggravated riot regarding *one victim, Michael Allen, did not merge into an allied offense* for the purposes of felony sentencing. (Emphasis sic.)

Restitution

{¶7}   On appeal, we review a lower court's restitution order for an abuse of discretion.  *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (1995); *see also State v. Berman*, 8th Dist. No. 79542, 2002-Ohio-1277.   An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶8} Initially, we note that Pollard did not object at his sentencing hearing to the order of restitution or the amount ordered.   As such, he waived all but plain error.  *State v. Jarrett*, 8th Dist. No. 90404, 2008-Ohio-4868, ¶ 18.   Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the

attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.3d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶9} R.C. 2929.18 governs restitution and provides that financial sanctions may include:

> Restitution by the offender to the victim of the offender's crime * * * an amount based on the victim's economic loss. If the court imposes restitution, *the court shall order that the restitution be made to the victim in open court, to the adult probation department* that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, *the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report*, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, *the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.* * * *. (Emphasis added.) *Id*. at (A)(1).

"Economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any * * * medical cost * * * incurred as a result of the commission of the offense. * * *." R.C. 2929.01(L).

{¶10} In the instant case, a review of the record reveals that the trial court based the restitution award on Allen's statement and the presentence investigation report, which indicated that Allen was seeking restitution in the amount of $60,000, jointly and severally

with all codefendants. The trial court then ordered Pollard to pay restitution in this amount. At no time did Pollard or his counsel object to restitution or dispute the amount requested by Allen. This court has held that a separate hearing is not required if the defendant or defense counsel fail to "object to restitution or dispute the amounts requested by the victims." *Jarrett* at ¶ 18; *see also State v. Pinkney*, 8th Dist. No. 91861, 2010-Ohio-237, ¶ 28 (where this court found that the trial court was not required to hold hearing when the defendant did not dispute the restitution amount.) Because Pollard failed to object to restitution or dispute the amount requested by Allen, the trial court was not required to hold a separate hearing on restitution.

{¶11} Thus, the first assignment of error is overruled.

Sentence

{¶12} In the second assignment of error, Pollard argues the trial court exhibited personal bias and abused its discretion when it sentenced him to nine and one-half years in prison. In the third assignment of error, Pollard argues the trial court abused its discretion when it denied Pollard his right to file a motion for judicial release.

{¶13} The Ohio Supreme Court, in a split decision, has set forth the applicable standard of appellate review of a felony sentence in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4:

> In applying [*State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470,] to the existing statutes, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this

first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.

{¶14} Pollard does not argue that his sentence is contrary to law. Rather, he argues the trial court abused its discretion. As stated above, an abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore*, 5 Ohio St.3d at 219, 450 N.E.2d 1140, quoting *Adams*, 62 Ohio St.2d at 157. Pollard argues the trial court exhibited personal bias by sentencing him to a consecutive term of nine and one-half years in prison, but sentencing his joinder-defendant, Morris, to a concurrent term of seven years in prison.

{¶15} Morris, however, was sentenced after Pollard was sentenced. Thus, Morris's sentence was outside the record and the trial court could not use it for its analysis. "Without a starting point for the trial court to begin analysis, the issue has not been preserved for appeal and we decline to address it." *State v. Thomas*, 8th Dist. No. 94335, 2011-Ohio-183, ¶ 24, citing *State v. Woods*, 8th Dist. No. 82789, 2004-Ohio-2700.

{¶16} Moreover, in the instant case, Pollard and Morris attacked Allen, the Good Samaritan, for attempting to stop them from attacking Malik. As the group beat Allen, Pollard picked up an 11-pound rock and struck Allen on the head. The group then fled the scene. Allen's brave acts resulted in a fractured skull, brain bleeding, and a broken leg. Allen had five inches of his skull replaced with a titanium plate and underwent three reconstructive surgeries. Allen also had 19 pins and two plates placed in his left leg.

Based on these facts, we do not find that Pollard's sentence was unreasonable, arbitrary, or unconscionable.

**{¶17}** Pollard next argues that the trial court abused its discretion when the trial judge stated at sentencing that, "I'll not consider judicial release on this case as long as I'm sitting on this bench."

**{¶18}** R.C. 2929.20, which governs judicial release, gives a trial court substantial discretion in deciding whether to grant a motion for judicial release. Pollard claims that he would be eligible to file a motion for judicial release on August 10, 2016. Pollard's argument, however, is premature as he cannot file the motion until August 2016. Thus, this issue is not ripe for our review.

**{¶19}** Accordingly, the second and third assignments of error are overruled.

Merger

**{¶20}** In the fourth assignment of error, Pollard argues the trial court erred when it failed to merge felonious assault (Count 2) with aggravated riot (Count 5).

**{¶21}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court redefined the test for determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25.[1] The *Johnson* court

---

[1]R.C. 2941.25 governs allied offenses and provides:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other.

{¶22} The *Johnson* court held that rather than compare the elements of the crimes in the abstract, courts must consider the defendant's conduct. *Id*. at syllabus. The *Johnson* court found:

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other.   * * *
>
> If multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."   [*State*] *v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50, (Lanzinger, J., dissenting).
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.
>
> Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge."   *Id*. at ¶ 48-50.

---

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶23} In the instant case, the trial court sentenced Pollard to nine years in prison on Count 2 (felonious assault in violation of R.C. 2903.11(A)(1)) and 18 months in prison on Count 5 (aggravated riot in violation of R.C. 2917.02(A)(2)), to be served consecutively to each other. R.C. 2903.11(A)(1) provides that: "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *." R.C. 2917.02(A)(2) provides that: "[n]o person shall participate with four or more others in a course of disorderly conduct * * * [w]ith purpose to commit or facilitate the commission of any offense of violence * * *."

{¶24} At the sentencing hearing, Pollard argued the counts merged because the same conduct leads to the commission of both offenses. The trial court disagreed, finding that the aggravated riot was separate from the felonious assault. The trial court stated:

> [Y]ou just heard allocution by the victim in this matter that there was a distinct pause after [Allen] was on the ground and things kind of broke up wherein [Pollard] picked up the landscaping rock and proceeded to use it on the victim. * * * [T]hat is the position of this Court, that these are separate and distinct acts and these were committed with a separate animus as there was, apparently, a pause and then a restart when [Pollard] picked up the landscaping rock.

{¶25} We agree with the trial court. Pollard's conduct of participating in the riot was separate from his conduct of hitting Allen's head with the rock. Based on the facts of the instant case, these offenses do not merge for the purposes of sentencing.

{¶26} Accordingly, the fourth assignment of error is overruled.

{¶27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR