[Cite as *Strongsville v. Jaeger*, 2013-Ohio-4476.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99579**

# CITY OF STRONGSVILLE

PLAINTIFF-APPELLEE

vs.

# LAWRENCE G. JAEGER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Berea Municipal Court
Case No. 12 TRC 05853

**BEFORE:** Keough, J., Boyle, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** October 10, 2013

**ATTORNEY FOR APPELLANT**

Harvey B. Bruner
Harvey B. Bruner Co., L.P.A.
The Hoyt Block Building
700 W. St. Clair Avenue, #110
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

George F. Lonjak
City of Strongsville Prosecutor
614 Superior Avenue
Suite 1310
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Lawrence Jaeger, appeals his sentence following a no contest plea to the charge of operating a motor vehicle while intoxicated ("OVI") in violation of R.C. 4511.19(A)(1)(a). For the reasons that follow, we affirm his sentence.

{¶2} In October 2012, Jaeger was arrested and charged with two counts of OVI, failure to maintain lane of travel, and expired plates. He pled no contest to one count of OVI, and the remaining counts were nolled. At sentencing, the court sentenced Jaeger to 33 days in jail, an $800 fine plus court costs, and one year of probation with random drug testing. He was ordered to complete a substance abuse treatment program, and his driver's license was suspended for one year. Jaeger was permitted to substitute three days of jail for the 72-hour driver's intervention program ("DIP") and the remaining 30 days could be served on house arrest at a rate of 3.6 days of house arrest for every day in jail. His sentence was stayed pending appeal.

{¶3} Jaeger contends on appeal in his sole assignment of error that his "sentence was unnecessarily punitive in nature and does not comport with the purposes of misdemeanor sentencing."

{¶4} Courts have broad discretion in misdemeanor sentencing. *State v. Hughley*, 8th Dist. Cuyahoga Nos. 92588 and 93070, 2009-Ohio-5824, ¶ 7, citing *Cleveland v. Jurco*, 8th Dist. Cuyahoga No. 88702, 2007-Ohio-4305, ¶ 18. The guidelines for misdemeanor sentencing are substantially similar to those applied in felony sentencing.

The court must be guided by the purposes of misdemeanor sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." *See* R.C. 2929.21(A). When determining the appropriate sentence, the court must consider the factors listed in R.C. 2929.22(B), including the nature and circumstances of the offense or offenses and whether the circumstances indicate that the offender has a history of persistent criminal activity and poses a substantial risk of reoffending. *See* R.C. 2929.22(B)(1). There is no requirement that a trial court in sentencing on misdemeanor offenses specifically state its reasons on the record. *State v. Harpster*, 5th Dist. Ashland No. 04COA061, 2005-Ohio-1046, ¶ 20.

{¶5} Jaeger was convicted of OVI, a misdemeanor of the first degree, which carries a maximum jail sentence of 180 days and a maximum fine of $1,075. *See* R.C. 4511.19. The trial court imposed a fine of $800 and a jail sentence of 33 days; with the option to serve those days by attending a 72-hour DIP and house arrest. Accordingly, Jaeger's overall sentence is within the statutory range for a first-degree OVI misdemeanor; thus, it is not contrary to law.

{¶6} It appears that Jaeger is arguing that he should have been sentenced only to the mandatory minimum sentence because this was his first OVI in the relevant six-year-look-back period. Pursuant to R.C. 4511.19, a person convicted of OVI is subject to a mandatory minimum jail sentence, fine, and license suspension, depending on the number of prior OVI convictions. The relevant "look-back" period for OVI convictions is six years, with the possibility of looking back 20 years, depending on the

number of prior convictions. *See* R.C. 4511.19(G)(1)(a)-(e). Therefore, because Jaeger had not been convicted of an OVI offense within the past six years, and the 20-year look-back period did not apply, Jaeger faced the maximum penalty of six months in jail and a $1,075 fine, but the mandatory minimum penalty required to be imposed was three days in jail or the DIP in lieu of jail and a $375 fine.

**{¶7}** The record shows that although this offense may have been his first OVI offense within the applicable six-year statutory look-back period, Jaeger had four prior OVI convictions — 1983, 1988, 1991, and 2003. Therefore, while Jaeger may have been statutorily eligible to receive the mandatory minimum sentence, the court was not required to impose the minimum sentence. Nothing in the record before this court indicates that the sentence was punitive other than it is beyond the mandatory minimum sentence. Considering this is his fifth conviction for OVI in his lifetime, Jaeger's sentence was not an abuse of discretion. The assignment of error is overruled.

**{¶8}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
TIM McCORMACK, J., CONCUR