[Cite as *Broadview Hts. v. Misencik*, 2014-Ohio-1518.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100196**

## CITY OF BROADVIEW HEIGHTS

PLAINTIFF-APPELLEE

vs.

## MICHAEL JAMES MISENCIK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Parma Municipal Court
Case No. 12 TRC 16849

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 10, 2014

**ATTORNEY FOR APPELLANT**

Edward A. Heffernan
Skylight Office Tower
1660 West 2nd Street, Suite 410
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Dean E. DePiero
5546 Pearl Road
Parma, Ohio 44129

Joseph Grandinetti
Vince Ruffa
Oakar & Ruffa
1000 West Wallings Road, Suite A
Broadview Heights, Ohio 44147

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Michael James Misencik ("Misencik"), appeals his sentence. We find no merit to the appeal and affirm.

{¶2} Misencik was charged with driving under the influence of alcohol or a drug of abuse ("OVI") in violation of R.C. 4511.19(A)(1)(a). He was also charged with (1) refusing a blood alcohol test ("BAC") while having four prior OVI convictions in violation of R.C. 4511.19(A)(2)(b); (2) improper lane usage in violation of R.C. 4511.33; (3) a turn signal violation, R.C. 4511.39; (4) drug abuse in violation of R.C. 2925.11; and (5) possession of drug paraphernalia in violation of R.C. 2925.14(C)(1).

{¶3} Pursuant to a plea agreement, Misencik pleaded guilty to one count of OVI in violation of R.C. 4511.19(A)(1)(a) and the remaining charges were dismissed. At sentencing, Misencik, through counsel, requested probation in lieu of jail, claiming that his intoxication resulted from an inadvertent interaction of prescription medications. Although Misencik had prior OVI convictions, he asserted that he had been sober since 2004 and offered evidence of a hair analysis to prove he had not abused any drugs within the last year.

{¶4} However, in response to Misencik's mitigating statements, the court stated: "You know your credibility is really on the fence." Police found a crack pipe and a small amount of crack in Misencik's pocket at the time of his arrest, and Misencik denied they belonged to him. The trial court also commented on his extensive criminal record and suggested that his explanation that he was innocently impaired by lawfully prescribed

drugs was dubious at best. Based on these circumstances, the court sentenced Miscencik to 180 days in jail, with credit for one day served, a $375 fine, and a 36-month driver's license suspension.

{¶5} Misencik subsequently filed a motion to modify his sentence, arguing he would be deprived of urgent medical treatment if he had to serve a jail sentence. The trial court granted the motion, in part, and modified the sentence to allow 90 of the 180 days to be served on house arrest under electronic monitoring and the other 90 days to be served in jail. This appeal followed.

{¶6} In his sole assignment of error, Misencik argues the trial court abused its discretion by imposing the maximum sentence for a first-degree misdemeanor.

{¶7} Courts have broad discretion in misdemeanor sentencing. *State v. Hughley*, 8th Dist. Cuyahoga Nos. 92588 and 93070, 2009-Ohio-5824, ¶ 7. However, the trial court must be guided by the purposes of misdemeanor sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). In selecting an appropriate sentence, the court must consider the factors listed in R.C. 2929.22(B), including the nature and circumstances of the offense and whether the circumstances indicate that the offender has a history of persistent criminal activity and poses a substantial risk of reoffending. R.C. 2929.22(B)(1). The trial court is not required to state its reasons for selecting a particular sentence on the record. *Strongsville v. Jaeger*, 8th Dist. Cuyahoga No. 99579, 2013-Ohio-4476, ¶ 4.

**{¶8}** Misencik was convicted of OVI, a misdemeanor of the first degree, which carries a maximum jail sentence of 180 days and a maximum fine of $1,075. R.C. 4511.19. The trial court imposed a $375 fine and a jail sentence of 180 days, with 90 days being served on house arrest. Therefore, Misencik's sentence is within the statutory range for a first-degree OVI misdemeanor and it is not contrary to law.

**{¶9}** Nevertheless, Misencik argues the trial court abused its discretion by (1) relying on the police report for sentencing purposes; (2) the maximum sentence was not warranted because his impairment was inadvertently caused by lawful prescription medications; (3) imprisonment will have deleterious effects on his health; (4) his sentence is not consistent with those imposed for similar offenses committed by similar offenders; and (5) the six-month prison term is an unnecessary burden on local governmental resources. We address each of these issues individually.

### Police Report

**{¶10}** At the sentencing hearing, the court called Misencik "the most dangerous guy I see in this Courtroom." Misencik contends the court made this statement based on facts contained in the police report and that the court's reliance on the police report was an abuse of discretion because police reports are inadmissible hearsay.

**{¶11}** However, the rules of evidence do not apply in sentencing hearings. *State v. Hinton,* 8th Dist. Cuyahoga No. 84582, 2005-Ohio-3427, ¶ 12. "[T]he function of the sentencing court is to acquire a thorough grasp of the character and history of the defendant before it" and when sentencing a defendant, the trial judge may consider "any

reliable evidence in the record." *Id.*, citing *United States v. Doyle*, 348 F.2d 715, 721 (2d Cir.1965), *cert. denied,* 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965). For these reasons, courts routinely consider police reports for sentencing purposes. *See, e.g.*, *State v. Jackson*, 8th Dist. Cuyahoga No. 99059, 2013-Ohio-3136, ¶ 17; *State v. Jackson*, 4th Dist. Ross No. 11CA3263, 2012-Ohio-4235, ¶ 3; *State v. Pollard*, 8th Dist Cuyahoga No. 97166, 2012-Ohio-1196, ¶ 4; *State v. Herman*, 5th Dist. Licking No. 2007-CA-48, 2008-Ohio-842, ¶ 19.

{¶12} There is nothing in the record to suggest that the police report was unreliable. Therefore, the trial court had discretion to consider the facts contained in the police report for sentencing purposes.

### Prescription Medications

{¶13} Misencik argues the trial court abused its discretion by imposing the maximum sentence for OVI because his intoxication was accidentally caused by lawfully prescribed pain medications. He informed the court that he was injured in an accident several years ago and that he takes medications for pain management.

{¶14} However, Misencik pleaded guilty to OVI, and the court found him guilty. At the time of Misencik's arrest, police discovered a crack pipe and a small amount of crack in his pocket. The trial court did not believe Misencik when he claimed the crack and pipe did not belong to him. The circumstances suggested that Misencik was under the influence of crack cocaine at the time of his arrest, and Misencik did not contest the allegations. Therefore, it was reasonable for the court to conclude that Misencik was not

under the influence of lawfully prescribed pain medications but was intoxicated as a result of smoking crack cocaine.

**Misencik's Health**

{¶15} Misencik argues the trial court abused its discretion when it sentenced Misencik to any jail time because it was obvious that he was in poor health and that jail time would be harmful to his health. Misencik filed a motion to stay his sentence to afford him an opportunity to seek medical treatment for a leg wound. In the motion to stay, he asserted that his condition was serious and that he may require a leg amputation.

{¶16} However, there is no evidence in the record to suggest that a leg amputation might have been required. Further, the record shows that the trial judge took Misencik's health into consideration when it modified his sentence. The trial court ordered the original 180-day jail sentence on July 1, 2013. Misencik filed a motion to stay execution of the sentence on July 8, 2013, so he could receive medical treatment for a leg infection. The medical records he submitted with the motion indicate he was hospitalized at South Pointe Hospital from July 8, 2013 to July 11, 2013, where Misencik underwent a surgical biopsy and debridement. After the procedure, a wound vac was placed for his chronic leg wound on his lower leg. One of Misencik's treating physicians explained in a letter to the court that it was necessary to keep the wound vac in place for one to three months depending on the rate of healing. The doctor also stated that Misencik would be "homebound" and "unemployable" during this treatment and would require home health care monitoring.

**{¶17}** In response to the motion and accompanying medical records, the trial court modified Misencik's sentence. In its journal entry, the trial court stated, in relevant part:

> Upon Motion of Defendant and for medical reasons, the Defendant's Sentence is hereby modified as follows: The Defendant shall serve 90 days of electronically monitored house arrest * * * with release from residence for medical treatment only. Thereafter the Defendant shall serve 90 days in jail.

The court obviously calculated the 90 days of house arrest in response to medical evidence that Misencik would require up to three months with a wound vac in his leg with home health care monitoring. The court ordered the house arrest portion of the sentence to be served first to allow Misencik to convalesce at home and before serving the remaining 90 days in jail after the infection was healed. Therefore, we find no abuse of discretion in the court's decision to order 90 days on home arrest followed by 90 days in jail.

### Similarly Situated Defendants

**{¶18}** Misencik argues that his sentence is disproportionately severe compared to sentences in similar cases. He contends the court violated R.C. 2929.21(B), which mandates that misdemeanor sentences "be consistent with sentences imposed for similar offenses by similar offenders."

**{¶19}** In an attempt to show that his sentence was not consistent with those in similar cases, Misencik cites three separate cases involving varying sentences. None of the information about those other cases is contained in the record of the instant appeal because they were not first presented to the trial court.

> [A]lthough a defendant cannot be expected to produce his * * * own database to demonstrate the alleged inconsistency, the issue must * * * be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal.

*State v. Roberts*, 8th Dist. Cuyahoga No. 84070, 2005-Ohio-28, ¶ 60. Therefore, because Misencik failed to raise this issue in the trial court, he has forfeited the argument on appeal.

{**¶20**} Furthermore, proportionality in sentencing does not mean that sentences for similar crimes must be identical. *State v. Sarigianopoulos*, 7th Dist. Mahoning No. 12 MA 141, 2013-Ohio-5772, ¶ 11. Such uniformity would obviate judicial discretion and undermine the purposes and principles of sentencing. The goal of proportionality is consistency rather than uniformity. *State v. Georgakopoulos*, 8th Dist. Cuyahoga No. 81934, 2003-Ohio-4341, ¶ 26. Consistency requires a trial court weigh the same factors for each defendant in order to result in an outcome that is rational and predictable. *Id.* Seriousness and recidivism factors account for many of the variations in sentences for similar offenses.

{**¶21**} In fashioning Misencik's sentence, the court considered the fact that this was his fifth DUI and observed that Misencik failed to take responsibility for his actions. The court determined that Misencik posed a serious threat to public safety, and the record supports the court's findings. Therefore, we cannot say that Misencik's sentence is disproportionate to the seriousness of his crime.

**Local Governmental Resources**

**{¶22}** Finally, Misencik argues his sentence is contrary to law. He contends that by sentencing him to jail, the trial court violated R.C. 2929.22(A) because the sentencing court failed to make a finding that the sentence did not impose an unnecessary burden on local governmental resources.

**{¶23}** R.C. 2929.22(A) gives the trial court discretion to "determine the most effective way to achieve the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.21 states that "[t]he overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." When selecting an appropriate sentence that achieves the purposes and principles of sentencing, R.C. 2929.22(A) prohibits the court from ordering "a sentence that imposes an unnecessary burden on local government resources."

**{¶24}** Thus, R.C. 2929.22(A) requires the court weigh the cost to the government against the benefit society derives from an offender's incarceration. There is no requirement that the court make findings on the record regarding the burden on governmental resources. *State v. Clay*, 7th Dist. Mahoning No.08 MA 2, 2009-Ohio-1204, ¶ 182. Furthermore, a sentencing court need not elevate resource conservation above the principles and purposes of sentencing. *State v. Luyando*, 8th Dist. Cuyahoga No. 97203, 2012-Ohio-1947, ¶ 14.

**{¶25}** At the sentencing hearing, the court stated:

> You're the most dangerous person I see in this Courtroom. You are completely out of it. * * * [T]his is your fifth DUI, your fifth OVI. * * * Whatever drugs you're taking, you have no regard for the safety of people around you, none, zero and that's demonstrated after one maybe two. On

your fifth one, what's — the only thing that's clear in this Courtroom, crystal clear, is you have no regard for anyone on the road's safety, any child, pedestrian, someone else learning to drive, anything. You just don't care and then, you know, you have crack and a crack pipe on you and you're telling me about these medications you're taking. You are as dangerous as I see. You're a risk to society.

{¶26} The trial court reviewed the nature and circumstances of the offense. It also emphasized the danger Misencik poses to the public based on his criminal history as evidenced by his four prior OVIs coupled with his failure to take responsibility for his actions. The court weighed the risk Misencik poses to the public against the cost to the community and determined that the danger outweighed the burden on governmental resources. Therefore, the trial court complied with R.C. 2929.22(A), and Misencik's sentence is not contrary to law.

{¶27} The sole assignment of error is overruled.

{¶28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and

TIM McCORMACK, J., CONCUR