[Cite as *State v. Anderson*, 2016-Ohio-2704.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 15CA28 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| JON ANDERSON, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 04/21/16** |

_____
APPEARANCES:

Brian A. Smith, Akron, Ohio, for Appellant.

Kevin A. Rings, Washington County Prosecuting Attorney, and Nicole Tipton Coil, Assistant Washington County Prosecuting Attorney, Marietta, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Jon Anderson appeals his sentence in the Washington County Court of Common Pleas, Juvenile Division, after he was convicted of contributing to the unruliness of a minor, R.C. 2919.24(A)(2), a misdemeanor of the first degree. On appeal, Appellant asserts the trial court erred and abused its discretion by sentencing him to a thirty-five day jail sentence. Upon review, we find no merit to Appellant's argument. Accordingly, we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.

FACTS

{¶2} This is a misdemeanor criminal case which originated in the Washington County Court of Common Pleas, Juvenile Division. On December 22, 2014, Appellant was charged with a single count of contributing to the unruliness or delinquency of a minor, a misdemeanor of the first degree and violation of section 2919.24(A)(2) of the Ohio Revised Code. The charge stemmed from Appellant's failure to see that his minor child was attending school. According to the school's records, the child missed 35 days during the 2014-2015 school year.

{¶3} On June 19, 2015, Appellant pleaded guilty to the single count contained in the complaint. The matter was reset for sentencing in order to obtain a presentence investigation. On July 23, 2015, Appellant was sentenced to 35 days of incarceration, with 20 of those days to be served consecutively. The entry of sentence is dated July 29, 2015. Appellant later obtained a personal recognizance bond effectively staying 15 of those days pending appeal.

{¶4} This timely appeal followed. Where relevant, additional facts will be related below.

ASSIGNMENT OF ERROR

"I. THE TRIAL COURT'S SENTENCE OF APPELLANT TO
THIRTY-FIVE DAYS IN JAIL WAS AN ABUSE OF
DISCRETION."

A.  STANDARD OF REVIEW

{¶5}  We review a misdemeanor sentence for an abuse of discretion.

*State v. Farmer*, 5th Dist. Licking No. 15CA0044, 2015-Ohio-5434, ¶ 93.

See, *State v. Fankle,* 31 N.E.3d 1290, 2015-Ohio-1581 (2nd Dist.); *State v.*

*Marcum,* 99 N.E.2d 1, 2013-Ohio-2447, (4th Dist.) ¶ 22.  A trial court

abuses its discretion when it makes a decision that is unreasonable,

unconscionable, or arbitrary. *State v. Adams,* 62 Ohio St.2d 151, 157, 404

N.E.2d 144 (1980).

B.  LEGAL ANALYSIS

{¶6}  Appellant was convicted of R.C. 2919.24(A)(2), contributing

to unruliness or delinquency of a child, which provides in pertinent part as

follows:

"(A) No person, including a parent, guardian, or other custodian
of a child, shall do any of the following:

* * *

(2) Act in a way tending to cause a child or a ward of the
juvenile court to become an unruly child, as defined in section
2151.022 of the Revised Code, or a delinquent child, as defined
in section 2152.02 of the Revised Code * * *."

{¶7} Pursuant to R.C. 2151.022, an unruly child is defined as follows:

> "As used in this chapter, "unruly child" includes any of the following:
>
> (B) Any child who is an habitual truant from school and who previously has not been adjudicated an unruly child for being an habitual truant * * *."

{¶8} Contributing to the unruliness of a minor is a misdemeanor of the first degree. R.C. 2919.24(B). The maximum penalty for a misdemeanor of the first degree is 180 days. R.C. 2929.24(A)(1). Appellant was sentenced to 35 days in jail. Appellant argues the trial court's sentence was an abuse of discretion because: (1) the sentence was far in excess of the average sentence for cases of this type; (2) the facts do not support the trial court's imposition of the sentence; (3) the number of days chosen by the trial court was arbitrary; and (4) the sentence was unconscionable, given its harmful effect on Appellant's employment. We begin by reviewing the statutory guidelines applicable to misdemeanor sentencing.

{¶9} The guidelines for misdemeanor sentencing are substantially similar to those applied in felony sentencing. *Farmer, supra,* at ¶ 90. *Strongsville v. Jaeger,* 8th Dist. Cuyahoga No. 99579, 2013-Ohio-4476, ¶ 4. The court must be guided by the purposes of misdemeanor sentencing, which are "to protect the public from future crime by the offender and others

and to punish the offender." See R.C. 2929.21(A); *Marcum, supra,* at ¶ 23.

To achieve those purposes the sentencing court shall consider the impact of

the offense upon the victim and the need for changing the offender's

behavior, rehabilitating the offender, and making restitution to the victim for

the offense, the public, or the victim and the public. *Id.* R.C. 2929.21(B)

further provides that a sentence imposed for a misdemeanor shall be

reasonably calculated to achieve the two overriding purposes of

misdemeanor sentencing and consistent with sentences imposed for similar

offenses committed by similar offenders.

{¶10} When determining the appropriate sentence, the court must

consider the factors listed in R.C. 2929.22(B), including the nature and

circumstances of the offense or offenses and whether the circumstances

indicate that the offender has a history of persistent criminal activity and

poses a substantial risk of reoffending. See R.C. 2929.22(B)(1). *Farmer,*

*supra,* at ¶ 90. However, there is no requirement that a trial court in

sentencing on misdemeanor offenses specifically state its reasons on the

record. *Id. State v. Harpster,* 5th Dist. Ashland No. 04COA061, 2005-Ohio-

1046, ¶ 20. See also, *Fankle, supra,* at ¶ 18. " 'When the court's sentence is

within the statutory limit, a reviewing court will presume that the trial judge

followed the standards in R.C. 2929.22, absent a showing to the contrary.' "

*Cleveland v. Go Invest Wisely,* 8th Dist. Cuyahoga Nos. 95172, 95173, 95174, 95175, 95176, and 95177, 2011-Ohio-3047, ¶ 10, quoting *State v. Downie*, 183 Ohio App.3d 665, 2009-Ohio-4643, 918 N.E.2d 218, ¶ 48 (7th Dist.). See also, *Fankle, supra,* at ¶ 18.

{¶11} Appellant first argues his sentence was an abuse of discretion because it was far in excess of what was described at his arraignment as a "typical normal sentence" of "about anywhere from three to ten days actual jail and maybe some suspended jail." Appellant admits the trial court is not bound by this particular sentence. However, Appellant argues there are no unusual facts in this case which would justify the longer sentence. Appellee responds that although the sentence was in excess of the typical sentence, it was within the statutory guidelines.[1]

{¶12} In *State v. Johnson,* 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E. 2d 372 (2nd Dist.), the appellate court observed that sentences imposed for misdemeanor offenses must be "consistent with sentences imposed for similar offenses committed by similar offenders." *Id*. at ¶ 51. R.C. 2929.21(B). To that extent, prior sentences the court imposed in like cases are precedent, but they are not necessarily binding. *Id.* The court must also seek to achieve the two overriding purposes of misdemeanor sentencing

---

[1] Appellee also argues Appellant agreed to the sentence. At the June 19, 2015 plea hearing, the trial court advised it was its policy that Appellant would do a day of jail for every day his child missed school.

in R.C. 2929.21(A), which requires considering the impact of the offense on the victim, the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim, as well as the other purposes of R.C. 2929.21(B), reflecting the seriousness of the offense and its impact on the victim. *Id.*

{¶13} In *Broadview Hts. v. Misencik,* 8th Dist. Cuyahoga No. 100196, 2014-Ohio-1518, ¶ 20, the appellate court noted proportionality in sentencing does not mean that sentences for similar crimes must be identical. *State v. Sarigianopoulos,* 7th Dist. Mahoning No. 12 MA 141, 2013-Ohio-5772, ¶ 11. Such uniformity would obviate judicial discretion and undermine the purposes and principles of sentencing. The goal of proportionality is consistency rather than uniformity. *State v. Georgakopoulos,* 8th Dist. Cuyahoga No. 81934, 2003-Ohio-4341, ¶ 26. Consistency requires a trial court weigh the same factors for each defendant in order to result in an outcome that is rational and predictable. *Id.* Seriousness and recidivism factors account for many of the variations in sentences for similar offenses.

{¶14} In *Johnson, supra,* the Second District Appellate Court concluded at ¶ 53:

> " [I]f defendant intends to argue that the sentence imposed in a
> particular misdemeanor case is so inconsistent with sentences

imposed by that same court for similar offenses committed by similar offenders as to be disproportionately harsh, defendant must object or otherwise raise that issue in the trial court, affording that court an opportunity to correct the question. Having failed to do that here, defendant has waived all but plain error. No plain error is demonstrated."

{¶15} Similarly, in *Misencik, supra,* the defendant argued that his sentence was disproportionately severe compared to sentences in similar cases. He contended the court violated R.C. 2929.21(B), which mandates that misdemeanor sentences "be consistent with sentences imposed for similar offenses by similar offenders." In an attempt to show that his sentence was not consistent with those in similar cases, Misencik cited three separate cases involving varying sentences. The Eighth District Appellate Court noted:

> "None of the information about those other cases is contained in the record of the instant appeal because they were not first presented to the trial court. * * * [A]lthough a defendant cannot be expected to produce his * * * own database to demonstrate the alleged inconsistency, the issue must * * * be raised in the trial court and some evidence, however minimal, must be presented to the trial court to provide a starting point for analysis and to preserve the issue for appeal. *State v. Roberts,* 8th Dist. Cuyahoga No. 84070, 2005-Ohio-28, ¶ 60. Therefore, because Misencik failed to raise this issue in the trial court, he has forfeited the argument on appeal."

{¶16} In the case sub judice, the prosecutor stated "Similarly situated cases is three days in jail." The prosecutor requested the trial court impose a similar sentence, but not more than 20 days which was the number of days

the State could prove that calls were made to Appellant's home, to make him aware his son was not in school. However, the trial court imposed the 35-day sentence. The trial court also asked Appellant and the attorneys if there was anything else they wished to say. At that point, no one voiced an objection to preserve the issue for appellate review. As such, we agree, as in the previous cases cited, that Appellant has forfeited this argument on appeal.

{¶17} Appellant also argues the facts do not support the trial court's imposition of sentence. Appellant points out that even the prosecutor informed the trial court that Appellant was "extremely remorseful." The prosecutor also stated "We do not want to see him lose his job as a result of this." Our review demonstrates the trial court engaged in a colloquy with Appellant which covered various topics including Appellant's workforce training and past employment, his son's asthma problem and therapy for anxiety, and the facts that the son was now in his mother's custody in West Virginia and was planning to obtain a GED.

{¶18} As indicated above, there is no requirement that judges sentencing misdemeanor offenders state their reasons on the record. Unlike reviewing judges who must look at a cold record, a trial judge is in a superior position to evaluate the impact of the evidence because he sees the

mannerisms and reactions of the jurors, witnesses, parties, and attorneys. *Ede v. Atrium,* 71 Ohio St.3d 124, 129, 642 N.E.2d 365 (1994)(Wright, J., dissenting).  While Appellant believes the trial court should have taken his remorse and job situation into account, we defer to the trial court's judgment as to the weight to be given "any other factors that are relevant to achieving the purposes and principles of sentencing" set forth in R.C. 2929.21.

{¶19}  Appellant also characterizes the trial court's sentence as arbitrary in that the trial court arrived at the number of days in Appellant's sentence by calculating the number of school days Appellant's minor child missed.  Appellant entered his plea on June 19, 2015.  The trial court inquired as to the voluntariness of Appellant's plea and then stated:

> "The only promise that I know that's been made to you is that, it's my strong belief that you'll do every day that your child didn't do school, but Attorney Brum and Attorney Graham believe- Attorney Brum believes it's 15 days; Attorney Graham believes it's 20 days, that you actually received a call that your child was not in school. * * * So the sentence most likely will be between 15 and 20 days but it will be whatever my department ultimately determines that you received a call and didn't have your child in school, okay?  That will be up to the pre-sentence."

{¶20}  On July 23, 2015 at sentencing, the assistant prosecutor informed the trial court that Appellant's son had missed 35 days of school, and that there were call records received and answered in Appellant's home at around 20 days.  The prosecutor requested the trial court impose a

sentence similar to others received for the conviction of contributing, but not more than 20 days.  Appellant's attorney concurred with the prosecutor's assessment of the situation and recommendation of sentence.

{¶21}  The trial court then engaged in a colloquy with Appellant, which concluded with the trial court stating: "You've got 35 days.  That's how many days that kid missed."  Based on the evidence contained in the hearing transcripts, we do not find the trial court's sentence to be arbitrary.  The trial court made Appellant aware of his policy on sentencing this particular offense on June 19, 2015, when he told Appellant "It's my strong belief that you'll do every day your child didn't do school."

{¶22}  Appellant contends that the colloquy between him and the trial court reveals that the trial court was unreceptive to any statements Appellant attempted to make in mitigation.  Appellant concludes that the trial court's comments reveal the court drew negative conclusions and demonstrated overt prejudice on the part of the trial court.  While the trial court's comments suggest the court was frustrated with Appellant, the trial court was in the better position to evaluate Appellant's demeanor and credibility when he spoke.  Again, on this record, it is difficult to interpret the actual tenor of the exchange between Appellant and the trial court.  We do not find

an abuse of discretion in Appellant's sentencing, based on the trial court's comments.

{¶23} Appellant further argues the trial court's sentence was unconscionable, given its extremely harmful effect on Appellant's employment prospects. Appellant argues that the trial court's harsh sentence ultimately hurt appellant's child by depriving Appellant of the means of obtaining more lucrative employment and providing his child with greater financial support. However, we find no evidence in the record to indicate that this has in fact occurred, and thus, we find this argument speculative at best.

{¶24} Finally, Appellant also argues that although he was allowed to speak at the sentencing hearing, the trial court disregarded his statements and demonstrated prejudice against him, effectively denying him due process. We note Appellant has not raised the due process issue as a separate assignment of error as required by App.R. 16, and he attempts to argue it within the context of his sole assignment of error that his sentence was an abuse of discretion, in contravention of App.R. 12(A)(2). Furthermore, constitutional arguments not presented in the trial court are deemed to be waived and may not be raised for the first time on appeal. *State v. Markin,* 10th Dist. Franklin No. 01AP-149 Ohio App.3d 274, 776

N.E.2d 1163, 2002-Ohio-4326, ¶ 52; *Baker v. W. Carrollton*, 64 Ohio St.3d 446, 448, 597 N.E.2d 74 (1992). As such, we decline to consider Appellant's due process argument.

{¶25} Given that Appellant's sentence is well-within the statutory guidelines for a misdemeanor of the first degree, and absent evidence to the contrary, we presume the trial court followed the sentencing guidelines set forth in R.C. 2929.22, we find the trial court did not abuse its discretion with regard to Appellant's 35-day sentence. For the foregoing reasons, we find no merit to Appellant's sole assignment of error which is hereby overruled. The judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:   Concurs in Judgment Only.
Harsha, J.:  Dissents.

For the Court,

BY:   _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**